UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISSAC D. DAWSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>T. BEEBY, et al.,<br><br>　　　　　Defendants. | No. 2:19-cv-856 TLN CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a California prisoner proceeding pro se with a civil action. On June 6, 2019, the court granted plaintiff's request to proceed in forma pauperis. Defendant Beeby (defendant) has filed a motion asking that plaintiff's in forma pauperis status be revoked. ECF No. 29.

Title 28 U.S.C. § 1915(g) reads as follows:

> In no event shall a prisoner bring a civil action . . . [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A review of court records reveals that case no. 2:12-cv-1134 DAD P is an action which was brought by plaintiff while incarcerated and was dismissed explicitly for failure to state a claim upon which relief can be granted. Judgement was final before this action was commenced.

/////

1

Case 2:14-cv-1494 TLN KJN P was dismissed pursuant to the United States Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477, 487 (1994). In Heck, the Court held that a prisoner cannot proceed on a § 1983 claim for damages if the claim implies the invalidity of his conviction or sentence. In Washington v. Los Angeles County Sheriff's Dept., 833 F.3d 1048, 1056 (9th Cir. 2016), the Ninth Circuit found that a dismissal pursuant Heck is a dismissal for failure to state a claim, and a "strike" for purposes of 28 U.S.C. § 1915(g), when Heck's bar to relief is obvious from the face of the complaint. That is the case with respect to 2:14-cv-1494 TLN KJN P as plaintiff explicitly seeks damages for actions which led to his incarceration. Judgement in 2:14-cv-1494 TLN KJN P was final before plaintiff brought this action.

Finally, as with the two cases identified above, plaintiff commenced 2:12-cv-0963 JAM GGH P while incarcerated and judgment was final therein before this action was commenced. There, plaintiff's complaint was dismissed for failure to state a claim upon which relief could be granted with leave to file an amended complaint. The case was dismissed after the time allotted for the filing of the amended complaint expired.

The Ninth Circuit has held "when we review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial." "Instead, the central question is whether the dismissal rang the . . . bells of frivolous, malicious, or failure to state a claim." El-Shaddai v. Zamora, 833 F.3d 1056, 1041 (9th Cir. 2016). More specifically applicable here, the Ninth Circuit has held dismissal counts as a strike under § 1915(g) "when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint" regardless of whether the case was dismissed with or without prejudice. Harris v. Mangum, 863 F.3d 1133, 1142-43 (9th Cir. 2017).

Thus, prior to the commencement of this action, plaintiff suffered three "strikes" under 28 U.S.C. § 1915(g). Nothing before the court suggests that at the time plaintiff submitted his complaint or his application proceed in forma pauperis that he was under "imminent danger of serious physical injury." For these reasons, the court will recommend that plaintiff's in forma
/////

2

pauperis status be revoked, and plaintiff be granted 14 days within which to pay the filing fee for this action.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion for revocation of plaintiff's in forma pauperis status (ECF No. 29) be granted;

2. Plaintiff's in forma pauperis status be revoked; and

3. Plaintiff be granted 14 days within which to pay the $400 filing fee for this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time  waives the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 25, 2020

_[signature]_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
daws0856.3ks

3